**UNITED STATES, Appellee,**

v.

**Specialist Five Sylvester HOLLAND, SSN 252–98–1747, United States Army, Appellant.**

**CM 443640.**

U.S. Army Court of Military Review.

4 June 1984.

---

Captain Donna Chapin Maizel, JAGC, argued the cause for appellant. With her on the brief were Lieutenant Colonel William P. Heaston, JAGC, and Major Edwin D. Selby, JAGC.

Captain Thomas F. Booth, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, and Lieutenant Colonel John T. Edwards, JAGC.

Before HANSEN, COKER, and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

Contrary to his pleas, appellant was convicted of possessing a substantial amount of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. section 934 (1976). His adjudged sentence of a bad-conduct discharge, confinement at hard labor for twelve months, forfeiture of $100.00 pay per month for twelve months, and reduction to Private F–1, was approved by the convening authority. As he did at his trial, he argues before this Court that the contraband was illegally seized and inadmissible at his trial. We agree in part.

Both prior to and at trial, appellant objected to the search as not properly authorized, and without probable cause in violation of the Military Rules of Evidence and the fourth amendment. At trial, the only issue litigated was whether the search was a German or a United States search. When the trial counsel attempted to present evidence showing the issuance of a search authorization and the probable cause to support it, the trial judge inexplicably cut him off and directed him to proceed to the question of search responsibility. The facts establish that the United States police agents secured a search authorization, wanted the German Drug Team to search appellant's quarters, contacted the German police for that purpose, entered and physically secured the quarters prior to the arrival of the German police, and apprehended appellant outside of the quarters. Under these facts, there can be no doubt that the search was initiated and conducted under the authority of United States military personnel. Thus, the rules applicable under the Manual for Courts-Martial, United States, 1969 (Revised edition), and the United States Constitution, must govern the determination of the legality of the search. Because the trial judge, however, rules that the search was under German authority and failed to permit trial counsel to present evidence on the issue of probable cause and the search authorization, the record is not adequate for this Court to make a determination.

There has been no showing that the search was illegal in order to invoke the provisions of Rule 311, Military Rules of Evidence [hereinafter cited as Mil.R.Evid.]. Nor has there been a showing that the United States police agents were attempting to evade the restrictions of the fourth amendment. *United States v. Morrison,*

12 M.J. 272, 279 (CMA 1982). Conversely, there has been no showing of probable cause as required by Rule 315(f)(1), Mil.R. Evid. Government counsel urges this Court to place the burden of proving that the search was illegal on the appellant and since that burden was not met in this case, to find the search legal and the evidence admissible.

In support of its request, the government cites, and wrongly in our opinion, the cases of *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), particularly n. 1 at 130–31, 99 S.Ct. at 423–24 n. 1; *United States v. Foust*, 17 M.J. 85, 87 (CMA 1983); and *United States v. Miller*, 13 M.J. 75, 77 (CMA 1982). The cited footnote in *Rakas* only places the burden on appellant of showing *his own* expectation of privacy was violated or to show *his own* standing to invoke the fourth amendment. This limitation is apparent when the Supreme Court in the first sentence of its opinion stated that probable cause was not an issue in the case. This footnote is subsequently cited in *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980), and by the Court of Military Appeals in *Miller* and *Foust*, as establishing the burden of proof on the appellant to show the illegality of the search as well as his own legitimate expectation of privacy. Yet in all of these cases not only was the burden of proof of showing probable cause not at issue, but probable cause itself was not at issue. Certainly, neither issue was discussed by the courts. In the absence of any definitive law to the contrary and the plain meaning of Rule 315, Mil.R.Evid., we decline to impose the burden on an appellant of proving that his Constitutional rights were not violated.

■ We recognize that some federal courts under Rules 12 and 41, Federal Rules of Criminal Procedure, 18 U.S.C., place a burden on the appellant to present sufficient evidence on a suppression motion in order to raise the issue of illegality. *United States v. Migely*, 596 F.2d 511, 513 (1st Cir.); *cert. denied* 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979). While we make no determination on the requirement or content of this burden, we find under the facts of this case that the appellant did properly raise the issue. *Cf. Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The inquiries of the trial judge to defense counsel gave only an opportunity to further contest the search responsibility, not the authorization or probable cause. The government response, limited by the trial judge, did not establish probable cause or the issuance of a proper search authorization. As this case fails due to an improper limitation on the government's proof and not on a failure of proof, we will authorize a rehearing.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Chief Judge HANSEN and Judge WATKINS concur.